ADAMS OUTDOOR ADVERTISING, L.P.,
Plaintiff-Respondent,†

TOWN OF MADISON, Involuntary-Plaintiff,

v.

COUNTY OF DANE, Defendant-Appellant.

Court of Appeals

*No. 2010AP178. Oral argument August 17, 2010.
—Decided February 2, 2012.*

2012 WI App 28

(Also reported in 811 N.W.2d 421.)

† Petition for Review dismissed 4/24/12.

176

On behalf of the defendant-appellant, the cause was submitted on the briefs of and oral argument by *David R. Gault*, assistant corporation counsel, of *Dane County Corporation Counsel*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas S. Hornig* and *Kraig A. Byron* of *Von Briesen & Roper, S.C.*, Madison. There was oral argument by *Thomas S. Hornig*.

Before Lundsten, P.J., Vergeront and Higginbotham, JJ.

¶ 1. HIGGINBOTHAM, J. Dane County appeals a circuit court's declaratory judgment holding that a town billboard ordinance enacted pursuant to Wis. Stat. § 60.23(29) (2009–10)[1] (the "town billboard statute") preempts a county's billboard ordinance enacted under Wis. Stat. § 59.69(1) and (4) (the "general zoning stat-ute").[2] This dispute stems from Adams Outdoor Adver-tising, L.P.'s efforts to construct an advertising billboard

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

[2] For ease of reading, where the word "ordinance" is men-tioned, it refers to a billboard ordinance. We will also use the following terms or their corresponding statutes when it facili-tates ease of reading: Wis. Stat. § 59.69(1) and (4)—the general

on a highway located in the Town of Madison. Adams sought permits from the Town and from the Wisconsin Department of Transportation to construct the billboard, but not from Dane County. Adams brought a declaratory judgment action in circuit court to clarify whether Adams was required to obtain a billboard construction permit from the County. The court granted summary judgment in favor of Adams, declaring that, because the Town's billboard ordinance preempts the County's billboard ordinance, Adams was not required to obtain a permit from the County before constructing the billboard.

¶ 2.   The County argues on appeal that the circuit court erred by declaring that the Town of Madison's billboard ordinance, which was enacted pursuant to the town billboard statute, preempts the County's billboard ordinance, which was enacted under the County's general zoning authority. We conclude that where, as in this case, a town approves a county zoning ordinance that includes a billboard ordinance enacted pursuant to the procedures set out in WIS. STAT. § 59.69(5)(c), the town's billboard ordinance adopted under the town billboard statute does not preempt a county's authority to regulate billboards in that town. Therefore, under the facts of this case, we conclude the Town's billboard ordinance does not preempt the County's billboard ordinance. We, therefore, reverse the summary judgment order entered in favor of Adams Outdoor Advertising, L.P. and grant summary judgment in favor of Dane County.

## PROCEDURAL BACKGROUND

¶ 3.   Adams Outdoor Advertising, L.P. commenced this action for declaratory relief, seeking an order from

the circuit court declaring, among other things, that the County lacked legal authority to regulate advertising signs that fall within the regulatory jurisdiction of the Town under Wis. Stat. § 60.23(29). The County answered and counterclaimed, seeking declaratory and injunctive relief. The parties stipulated to all relevant facts (which are set forth below) and filed cross motions for summary judgment. The issue to be decided on summary judgment, as characterized by the parties, was:

> When a town has enacted an ordinance regulating outdoor advertising signs pursuant to Wis. Stat. § 60.23(29), is a permit applicant subject to such a Town ordinance also subject to a County zoning ordinance purporting to regulate the same outdoor advertising sign[.]

To decide the issue, the circuit court had to determine whether the Town's billboard ordinance preempted the County's billboard ordinance.

¶ 4. The circuit court rendered an oral decision and concluded that the legislature, by enacting Wis. Stat. §§ 59.70(22) and 60.23(29), both of which specifically address regulation of billboards, intended these two statutes to govern the regulation of billboards. We understand the circuit court to have concluded that when, as here, a town has enacted a billboard ordinance under § 60.23(29), that ordinance preempts a county billboard ordinance enacted under the more general authority conferred in the county zoning statute, Wis. Stat. § 59.69. Applying this construction of these statutes, the circuit court granted declaratory relief in favor of Adams, ruling that the Town's billboard ordinance preempted the County's billboard ordinance. The County appealed.

179

## FACTS

¶ 5.   The parties stipulated to all relevant facts for purposes of summary judgment and this appeal. From this stipulation, the facts below are relevant for our opinion.

1. [Adams] owns a sign structure on property legally described as: Southeast ¼ of the Northeast ¼ of Section 35, Township 7 North, Range 9 East, lying 2421 feet East of US Highway 14/Park Street. This property is located within the legal boundaries of the Town of Madison, and the Town of Madison maintains the roadways abutting the property upon which the sign is situated.

2. Before construction of the sign structure described in Para. 1, [Adams] applied for permits from the Town of Madison and the Wisconsin Department of Transportation . . . . [Adams] secured permits from the Town of Madison and the Department of Transportation before commencing construction of the subjection [sic] sign structure.

3. The aforementioned applications which were both signed by Jason Saari, as the Real Estate Manager of [Adams], recite that the sign has two faces that are each 14 feet by 48 feet. Each face having a square footage of 672 feet for a total square footage of the sign of 1,344 square feet . . . .

4. In late 2008/early 2009, [Adams] erected the sign described in Para. 1 having a total dimensional area of 1,344 square feet.

5. The County claims that its authority to regulate the sign at issue emanates from WIS. STAT. § 59.69(4), which defines the power of a county regarding zoning regulation:

(4) EXTENT OF POWER. For the purpose of promoting the public health, safety and general welfare the board may by ordinance effec-

tive within the areas within such county outside the limits of incorporated villages and cities establish districts of such number, shape and area, and adopt such regulations for such district as the board considers best suited to carry the purposes of this section.

6. The Dane County Board of Supervisors has enacted an ordinance pursuant to WIS. STAT. § 59.69 for the regulation of zoning within the areas within the county outside the limits of incorporated villages and cities, which is codified as Chapter 10 of the Dane County Code of Ordinances.

7. The subject sign is located on real property located in the Town of Madison, which is in Dane County but outside the limits of incorporated villages and cities.

8. [Adams] erected the subject sign without obtaining a Dane County zoning permit.

9. Jason Saari states in Para. 6 of his Affidavit that "I personally applied for the sign permits for the subject sign structure. When I did so, it was my understanding that the Town of Madison has exclusive jurisdiction over regulation of the subject sign structure at the local level. That remains my understanding."

10. The Town of Madison Application For Off-Premise Billboard Permit, submitted by the Plaintiff on August 5, 2008 states on Page 2:

Said applicant, its successors or assigns, acknowledges that the installation and maintenance of said Billboard might be subject to Dane County Zoning. The applicant, its successors or assigns assumes all risks if it fails to obtain Dane County Zoning's approval prior to installing said Billboard.

11. The Wisconsin Department of Transportation Outdoor Sign Installation Application and Permit submitted by the Plaintiff on March 14, 2008 states on Page 2:

181

The permittee shall comply with all of the following: . . . All local laws and regulations including, but not limited to, local zoning or outdoor advertising control ordinances. Issuance of a permit by the Department does not relieve the applicant from obtaining all other permits required by law from any other state or federal agency, county, or municipality.

12. Wis. Stat. § 59.70(22) BILLBOARD REGULATION, provides as follows with regard to County regulation of billboards:

The board may regulate, by ordinance, the maintenance and construction of billboards and other similar structures on premises abutting on highways maintained by the county so as to promote the safety of public travel thereon. Such ordinances shall not apply within cities, villages and towns which have enacted ordinances regulating the same subject matter.

13. Wis. Stat. § 60.23(29) BILLBOARD REGULATION, provides as follows with regard to Town regulation of billboards:

The town board may:

Enact and enforce an ordinance, and provide a forfeiture for a violation of the ordinance, that regulates the maintenance and construction of billboards and other similar structures on premises abutting on highways in the town that are maintained by the town or by the county in which the town is located so as to promote the safety of public travel on the highways.

14. The County acknowledges that the Town of Madison has adopted a valid ordinance regulating billboards pursuant to Wis. Stat. § 60.23(29).

15. The County acknowledges that [Adams] was required to secure a permit from the Town of Madison

for the subject sign structure as a result of the ordinance adopted by the Town pursuant to WIS. STAT. § 60.23(29).

## STANDARD OF REVIEW

■

¶ 6. We review a grant of summary judgment de novo, applying the same methodology as the circuit court. *State v. Bobby G.*, 2007 WI 77, ¶ 36, 301 Wis. 2d 531, 734 N.W.2d 81. Summary judgment is appropriate when the affidavits and other submissions show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2).

■

¶ 7. This case requires us to interpret and apply statutes to undisputed facts, which presents a question of law subject to de novo review. *Harnischfeger Corp. v. LIRC*, 196 Wis. 2d 650, 659, 539 N.W.2d 98 (1995). When interpreting a statute, we begin with the statutory language. *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. If the meaning of the statute is plain, we ordinarily stop the inquiry and apply that meaning. *Id.* We interpret statutory language "in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶ 46. "If this process of analysis yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." *Id.* (citation omitted). The purpose of statutory interpretation is to give full effect to the policy choices of the legislature. *See id.*, ¶ 44.

## DISCUSSION

¶ 8. The central dispute in this case is whether the Town's billboard ordinance, which was enacted pursuant to the town billboard statute, WIS. STAT. § 60.23(29), preempts the County's billboard ordinance adopted pursuant to a county's general zoning authority under WIS. STAT. § 59.69(1) and (4). Dane County's position is that counties have the authority to regulate billboards and other similar structures pursuant to § 59.69(4) and WIS. STAT. § 59.70(22), that its billboard ordinance was enacted pursuant to § 59.69(4), and because a county's authority to regulate zoning is plenary, a town ordinance enacted under § 60.23(29) does not preempt a county's ordinance enacted under the general zoning statute. The County also contends it shares regulatory authority over billboards with the Town. Adams disputes the County's contentions and argues that the Town of Madison's billboard ordinance preempts the County's ordinance. We agree with the County.

¶ 9. Before we address the parties' arguments, we note they do not dispute several key points, which helps to narrow the scope of our inquiry.

- The County enacted its ordinance pursuant to its authority conferred by the general zoning statute, WIS. STAT. § 59.69. *See* ¶ 5, *infra,* Stip. Fact #6. This stipulation, however, does not address Adams' key argument, namely, that the County has no authority to enact a billboard ordinance under § 59.69.

- The county billboard statute, WIS. STAT. § 59.70(22), confers authority to counties to regulate billboards under the limitations set forth in the statute. *See* ¶ 5, Stip. Fact #12.

- Had the County's ordinance been enacted under § 59.70(22), the Town's ordinance would have preempted the County's ordinance.

184

- The Town "maintains the roadways abutting the property upon which the sign is situated." *See* ¶ 5, Stip. Fact #1. Consequently, § 59.70(22) does not apply under the facts of this case.[3]

¶ 10. Thus, our inquiry focuses on two issues: (1) whether, in addition to its authority to regulate billboards under WIS. STAT. § 59.70(22), a county has the authority to regulate billboards pursuant to its general zoning authority under WIS. STAT. § 59.69(4), and, if so, (2) does a town ordinance enacted pursuant to the town billboard statute preempt a county's billboard ordinance enacted under the general zoning statute. We therefore turn our attention to the general zoning statute, § 59.69.

¶ 11. WISCONSIN STAT. § 59.69 grants broad zoning authority to counties to regulate the use of land by establishing zoning districts. *See Willow Creek Ranch, L.L.C. v. Town of Shelby*, 2000 WI 56, ¶ 19, 235 Wis. 2d 409, 611 N.W.2d 693. WISCONSIN STAT. § 59.69(1) expresses the purposes for regulating zoning:

It is the purpose of this section to promote public health, safety, convenience and general welfare; to encourage planned and orderly land use development; to protect property values and the property tax base; to permit the careful planning and efficient maintenance of highway systems; to ensure adequate highway, utility, health, educational and recreational facilities; to recognize the needs of agriculture, forestry, industry, and business in future growth; to encourage uses of land and other natural resources which are in accordance with their character and adaptability; to provide adequate light and air, including access to sunlight for solar collectors and to wind for wind energy systems; to

---

[3] Although WISCONSIN. STAT. § 59.70(22) does not apply to the facts of this case, it is necessary that we discuss the statute because it will assist in understanding the interaction between WIS. STAT. § 60.23(29) and § 59.69(1) and (4).

encourage the protection of groundwater resources; to preserve wetlands; to conserve soil, water and forest resources; to protect the beauty and amenities of landscape and man-made developments; to provide healthy surroundings for family life; and to promote the efficient and economical use of public funds . . . .

¶ 12. WISCONSIN STAT. § 59.69(4), confers zoning authority to counties to regulate "structures" and states in pertinent part:

(4) EXTENT OF POWER. For the purpose of promoting the public health, safety and general welfare the board may by ordinance effective within the areas within such county outside the limits of incorporated villages and cities establish districts of such number, shape and area, and adopt such regulations for such district as the board considers best suited to carry the purposes of this section . . . . The powers granted by this section shall be exercised through an ordinance which may, subject to sub. (4e), determine, establish, regulate and restrict:

. . . .

(f) The location of buildings and *structures* that are designed for specific uses and designation of uses for which buildings and structures may not be used or altered.

(g) The location, height, bulk, number of stories and size of buildings and other *structures*.

Sec. 59.69(4), (f) and (g) (emphasis added).

¶ 13. To determine whether counties have the authority to enact billboard ordinances under this statute, we examine whether billboards are "structures" within the meaning of the phrases "location of buildings and structures" in sub. (f) and "other structures" in sub. (g). "Structure" is not defined for purposes of WIS. STAT. § 59.69(4). We therefore turn to the common and ap-

proved meaning of a word by reference to its definition in a recognized dictionary. *See Metropolitan Milwaukee Ass'n of Commerce v. City of Milwaukee*, 2011 WI App 45, ¶ 14, 332 Wis. 2d 459, 798 N.W.2d 287.

¶ 14. The common meaning of "structure" is " 'something constructed or built . . . something made up of more or less interdependent elements or parts . . . .' " *State v. Bleck*, 114 Wis. 2d 454, 463, 338 N.W.2d 492 (1983) (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2267 (1961)). A billboard plainly falls within this definition of "structure." This interpretation is supported by the phrase used in both WIS. STAT. § 59.70(22) and 60.23(29), "billboards and other similar structures." Plainly, the phrasing used in those statutes shows that the legislature considers a billboard to be a "structure." Thus, we conclude that a county may, under its general zoning authority granted by WIS. STAT. § 59.69(4), regulate the construction and maintenance of billboards within its geographical limits.[4]

¶ 15. Having concluded that counties have the power to regulate billboards pursuant to the general zoning statute, we now turn our attention to determining whether a town billboard ordinance enacted under

---

[4] Our conclusion that counties derive their authority to regulate billboards under two separate statutes is consistent with two published opinions of the Wisconsin Attorney General. *See* 46 Wis. Op. Att'y Gen. 148 (1957) (counties may regulate the maintenance and construction of billboards pursuant to what is now WIS. STAT. §§ 59.69 (4) and 59.70(22)); 61 Wis. Op. Att'y Gen. 191 (1972) (counties may regulate billboards under a county's zoning ordinance pursuant to what is now § 59.69, or as a "separate ordinance" under § 59.70(22)). Although attorney general opinions are not binding authority or controlling precedent, they may have persuasive value. *See Kocken v. Wisconsin Council 40*, 2007 WI 72, ¶ 51 n. 34, 301 Wis. 2d 266, 732 N.W.2d 828.

the town billboard statute, WIS. STAT. § 60.23(29), preempts a county's ordinance enacted under the general zoning statutes.

¶ 16. The legislature established a general zoning statutory scheme that requires counties to follow a rigorous procedure in enacting and enforcing zoning ordinances. *See* WIS. STAT. § 59.69(5). Once a county has drafted a proposed zoning ordinance, the county is required to hold a public hearing "following publication in the county of a class 2 notice." Sec. 59.69(5)(a). Only after the public has had an opportunity to be heard does the county board then vote on the proposed ordinance. Sec. 59.69(5)(b). In addition, a county zoning ordinance enacted under § 59.69(4) "shall not be effective in any town until it has been approved by the town board." Sec. 59.69(5)(c). Towns may choose to not approve a county's zoning ordinance. *Id.* Once a town board does approve the ordinance, the ordinance becomes effective in that town as of the date a certified copy of the resolution approving the ordinance is filed with the county clerk. *Id.*

¶ 17. In this case, all the towns in Dane County, including the Town of Madison, approved the County's zoning ordinance and therefore the County's billboard ordinance is in effect in the Town of Madison.[5] *See* WIS. STAT. § 59.69(5)(c). When we look to the text of WIS. STAT. § 60.23(29), we see nothing that explicitly precludes county regulation of billboards under a county's zoning powers. Section 60.23(29) evinces the intent by the legislature to grant local control to towns over the maintenance and construction of billboards in specific

---

[5] *See* Dane County Board of Supervisors Land Use Manual last modified 4/6/1998 (website link last modified Apr. 19, 2011), available at *http://www.countyofdane.com/board/landuse.aspx;* at 9 (last visited Jan. 12, 2012).

locations in the town and the statute is silent on whether that power precludes a county from regulating billboards under either the general zoning statute or the county billboard statute.

¶ 18. The statutory scheme for local regulation of billboards does contain preemption language, but that language applies only to county billboard ordinances enacted under WIS. STAT. § 59.70(22). Under that statute, a county may regulate billboards, without town approval, on premises abutting a highway maintained by the county. However, such regulation "shall not apply within cities, villages and *towns* which have enacted ordinances regulating the same subject matter." Section 59.70(22) (emphasis added). In contrast, neither WIS. STAT. § 59.69 nor WIS. STAT. § 60.23(29) contain preemption language.

¶ 19. Thus, there is nothing that precludes a county, pursuant to its *zoning* authority, from regulating billboards in a town that has approved the county's pertinent zoning ordinance, even if the town has enacted its own billboard ordinance under the town billboard statute. Therefore, under the facts of this case, we conclude the Town's billboard ordinance does not preempt the County's billboard ordinance. For the same reasons, we also conclude that both the County and the Town share regulatory authority over billboards located on property that abuts the subject highway maintained by the Town.

¶ 20. Adams makes several arguments in support of its position that the Town of Madison's ordinance preempts Dane County's ordinance. Adams first argues that WIS. STAT. § 59.69(4) confers no authority to counties to regulate billboards because the statute "makes no reference to the regulation of signs, billboards or outdoor

advertising structures" and the language the County relies on as a specific allocation of statutory authority "is, at best, vague and nebulous." We reject this argument. As we have concluded, § 59.69(4) confers authority to counties to regulate buildings and "other structures," and we have explained that the plain meaning of "structure" includes billboards. *See* § 59.69(4)(g).

¶ 21. Adams next argues that Wis. Stat. §§ 59.70(22) and 60.23(29) are more specific than the general zoning statute, § 59.69(4), in regulating the maintenance and construction of billboards, and therefore, under the rule of statutory construction that the more specific statute controls over the more general, §§ 59.70(22) and 60.23(29) are controlling. Adams asserts that this view is reinforced here because the town and county billboard statutes were enacted at a later time than the general zoning statute. *See Martineau v. State Conservation Comm'n,* 46 Wis. 2d 443, 449, 175 N.W.2d 206 (1970). We do not agree that either canon of statutory construction applies to the statutes at issue in this case.

¶ 22. Generally speaking, the rule of statutory construction that a more specific statute controls over a more general statute applies where two or more statutes on the same subject conflict. *See State ex rel. Hensley v. Endicott,* 2001 WI 105, ¶ 19, 245 Wis. 2d 607, 629 N.W.2d 686. The problem with applying this rule to this case is that Adams has not shown that interpreting Wis. Stat. § 59.69(4) as permitting the regulation of billboards conflicts with Wis. Stat. §§ 59.70(22) and 60.23(29). Rather, these statutes complement each other.

¶ 23. The County suggested at oral argument certain practical reasons for why the legislature would

have given authority to counties and towns to enact a billboard ordinance under WIS. STAT. §§ 59.70(22) or 60.23(29).[6] The County noted that a county may not have passed a comprehensive zoning ordinance, pursuant to WIS. STAT. § 59.69, that includes a provision specifically regulating signs or billboards; the county may have enacted only an ordinance under § 59.70(22) regulating billboards and similar structures on premises abutting highways maintained by the county; or the county may have enacted no ordinance at all relating to billboard regulation. Under these circumstances, a town would have the authority to promulgate an ordinance under § 60.23(29) to ensure there is some regulation of billboards within the physical areas of that town identified in § 60.23(29).[7] A county may also wish to adopt a billboard ordinance under both § 59.69

---

[6] An opinion by the Attorney General provided another practical reason for why the legislature granted counties authority to regulate signs and billboards under two separate statutes. In an opinion evaluating a proposed Door County billboard ordinance to be enacted under WIS. STAT. § 59.70(22) (then § 59.07(49)), the Attorney General observed that a county, as a practical matter, would enact a sign or billboard ordinance under § 59.70(22), as opposed to WIS. STAT. § 59.69, because of the easier "mechanics" necessary to pass an ordinance under § 59.70(22). The opinion noted that a county may enact a billboard ordinance under § 59.70(22) without the requirement of seeking or obtaining town approval prior to passage. 61 Wis. Op. Att'y Gen. 191, 194. On the other hand, as we explained in ¶ 16, county ordinances enacted under its general zoning authority are not effective in any town until the town board has approved the ordinance. *See* § 59.69(5)(c). However, as a trade-off for this expedited passage methodology, a county loses some of the enforcement tools available to it under its general zoning authority. 61 Wis. Op. Att'y Gen. at 195.

[7] A town may also have general zoning authority, but only if the county has not exercised its authority under WIS. STAT.

and § 59.70(22). Under this scenario, a county could regulate billboards under its general zoning authority in towns that have approved the county's zoning ordinance and still regulate billboards under § 59.70(22) in towns that elect not to approve the county's zoning ordinance. Thus, although both § 59.69 and § 59.70(22) authorize counties to regulate billboards, and although only § 59.70(22) specifically mentions billboards, the two statutes may apply in different situations. When we consider the statutes in their operative applications, their complementary relationship to one another becomes clear.[8]

¶ 24.  Adams next contends that the County has "characterized" its ordinance as a general zoning ordinance in order to avoid the more limited authority to regulate billboards under the county billboard statute.

---

§ 59.69. *See* WIS. STAT. § 60.61. By the express terms of § 60.61, a town is preempted from creating its own general zoning ordinance, to include regulation of structures such as signs and billboards, when the county has enacted a general zoning ordinance. WISCONSIN STAT. § 60.61 states, in pertinent part:

> **(2)** EXTENT OF AUTHORITY. Subject to subs. (3) and (3m), if a town is located in a county which has not enacted a county zoning ordinance under s. 59.69, the town board, by ordinance, may:
>
> (a) Regulate, restrict and determine all of the following:
>
> . . . .
>
> 3. The location, height, bulk, number of stories and size of buildings and other structures.

[8] In a separate argument, Adams argues that only one statute can apply, and it must be the more specific one, citing *Estate of Genrich v. OHIC Insurance Co.*, 2009 WI 67, ¶ 34, 318 Wis. 2d 553, 769 N.W. 2d 481. But this argument merely reframes Adams' central contention that a more specific statute controls over a general statute governing the same subject matter. We reject this "one statute" argument for the same reasons we rejected the general/specific argument.

This argument ignores the fact that Adams has stipulated that the County's billboard ordinance is, in fact, a zoning ordinance. The parties' stipulated fact number 6 states that the ordinance was enacted under WIS. STAT. § 59.69. Moreover, Adams does not direct our attention to any evidence that supports its contention that the County has incorrectly represented that its billboard ordinance was adopted as part of its zoning ordinance.

¶ 25. Adams finally argues that the County's interest in promoting aesthetics is not sufficient to warrant its exercise of authority over billboards. In Adams' view, the statutorily specified purposes of the general zoning statute are the same as those specified in the town and the county billboard statutes, except that the general zoning statute adds aesthetics as a purpose. According to Adams, this single difference does not warrant a construction of the general zoning statute as granting authority to counties to regulate billboards. However, the purposes expressed by the legislature for the adoption of these statutes are not implicated by our statutory construction analysis. If the purposes in the two statutes were identical, our interpretation would be the same. In any event, contrary to Adams' argument, the purposes for a county's general zoning authority include much more than aesthetic concerns. *See* WIS. STAT. § 59.69(1) ("promote the public health, safety, convenience and general welfare; to encourage planned and orderly land use development; to protect property values and the property tax base").[9]

---

[9] We note that the circuit court was concerned that the interpretation we adopt today would create problems by requiring an inquiry into the purpose for which a county billboard ordinance under WIS. STAT. § 59.69 was adopted. However, no such inquiry is necessary under our interpretation. An ordinance adopted under § 59.69 and approved by the town in

193

## CONCLUSION

¶ 26. Based on the foregoing, we conclude that a county has the authority under both WIS. STAT. §§ 59.69(1) and (4) and 59.70(22) to enact ordinances regulating billboards and other similar structures. We further conclude that where, as in this case, a town approves a county zoning ordinance that includes a billboard ordinance enacted pursuant to the procedures set out in WIS. STAT. § 59.69(5)(c), the town's billboard ordinance adopted under the town billboard statute does not preempt a county's authority to regulate billboards in that town. Consequently, the Town of Madison's billboard ordinance, enacted under § 60.23(29), does not preempt Dane County's billboard ordinance DCO §§ 10.70, *et seq.*, enacted under § 59.69(4).[10] We therefore reverse the circuit court's summary judgment granted in favor of Adams Outdoor Advertising and grant summary judgment in favor of Dane County.

*By the Court.*—Judgment reversed.

question is not preempted by that town's adoption of an ordinance under WIS. STAT. § 60.23(29), regardless of purpose.

[10] The practical effect of our holding here is that Adams will now be required to comply with the provisions of Dane County's billboard ordinance. We take no position on how the County may enforce its ordinance in light of the fact that the billboard at issue has been constructed.