ATTORNEY'S TITLE GUARANTY FUND, INC., Plaintiff,

v.

TOWN BANK, Defendant-Respondent,

HEARTLAND WISCONSIN CORP.,
Defendant-Appellant.†

Court of Appeals

*No. 2011AP2774. Submitted on briefs June 29, 2012.
—Decided December 5, 2012.*

2013 WI App 6

(Also reported in 827 N.W.2d 116.)

† Petition for Review Filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *David H. Hutchinson* of *Hutchinson Law Office*, New Berlin.

On behalf of the defendant-respondent, the cause was submitted on the brief of *David I. Cisar* and *Peter F. Mullaney* of *von Briesen & Roper, S.C.*, Milwaukee.

Before Neubauer, P.J., Reilly and Gundrum, JJ.

¶ 1. GUNDRUM, J.   Heartland Wisconsin Corp. appeals from an order denying its motion for summary

judgment and granting summary judgment to Town Bank. Heartland argues that the circuit court erred when it held that Town Bank has priority to funds held in escrow by Attorney's Title Guaranty Fund, Inc. Heartland contends that Town Bank does not have an enforceable creditor's lien because the supplemental commissioner's[1] order at issue in this case and proof of service of that order were not filed with the clerk of court in accordance with WIS. STAT. § 816.035 (2009–10)[2] and because such a lien does not attach to personal property acquired after a WIS. STAT. ch. 816 supplementary proceeding has been held. We conclude that Town Bank has an enforceable creditor's lien that includes a right to the debtor's property acquired subsequent to the supplementary proceeding. We affirm.

## BACKGROUND

¶ 2. The material facts are not in dispute. On February 13, 2006, Town Bank obtained and docketed a judgment against Timothy J. Brophy, Jr., for $1,690,870.36. Two days later, Town Bank obtained a supplemental commissioner's order for Brophy to appear at a supplementary proceeding. Town Bank served that order on Brophy on February 17, 2006; however, the order and proof of service of the order were not filed with the clerk of court. The supplementary proceeding was held on March 9, 2006.

¶ 3. In July 2006, Brophy's attorney sued Brophy for unpaid legal fees. In response, Brophy filed counter-

---

[1] The parties use the term "court commissioner" and "supplemental commissioner" interchangeably. Because the applicable statutes refer to the commissioner as "supplemental commissioner," we use that term throughout this opinion.

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

claims and a third-party complaint against his attorney and the attorney's insurer for legal malpractice (legal malpractice case).

¶ 4. Around May or June 2007, Brophy approached Heartland for a loan to pay a settlement related to a class action lawsuit pending against him. In June and July 2007, Heartland provided Brophy two loans totaling $222,539. As security for the loans, Brophy assigned to Heartland his interest in any potential proceeds resulting from his legal malpractice case. Heartland states Brophy subsequently defaulted on both loans.

¶ 5. On August 17, 2007, Brophy filed for bankruptcy. In April 2008, Town Bank filed a claim in Brophy's bankruptcy action asserting its rights to the unpaid docketed judgment and its related creditor's lien against Brophy's personal property based on its February 2006 service of the supplemental commissioner's order for Brophy to appear at the supplementary proceeding. Heartland states it first became aware of Town Bank's interest in Brophy's property from Town Bank's bankruptcy claim.

¶ 6. Brophy's bankruptcy action was dismissed in January 2009. In September 2009, Brophy's legal malpractice case settled, and Heartland and Town Bank each claimed priority to the settlement funds Brophy received. Pursuant to an escrow agreement between Heartland, Town Bank, and Attorney's Title, Brophy's proceeds from the settlement were transferred to and held in escrow by Attorney's Title. Attorney's Title commenced this interpleader action, and Heartland and Town Bank cross-claimed against one another.

¶ 7. Heartland and Town Bank each moved for summary judgment. Town Bank claimed it had priority over the escrowed proceeds because it had an enforce-

able lien against Brophy's personal property and the lien attached to Brophy's proceeds from the legal malpractice case. As relevant here, Heartland asserted that Town Bank's lien was an unenforceable "secret lien," and further, that any lien Town Bank may have did not attach to property Brophy acquired after the 2006 supplementary proceeding. The circuit court granted summary judgment to Town Bank and denied Heartland's motion. Heartland appeals.

## *DISCUSSION*

¶ 8.   We review de novo the circuit court's grant of summary judgment, applying the same methodology as the circuit court. *Adams Outdoor Adver., L.P. v. County of Dane*, 2012 WI App 28, ¶ 6, 340 Wis. 2d 175, 811 N.W.2d 421. Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). The facts in this case are undisputed.

¶ 9.   Heartland raises two issues on appeal. First, whether the failure to file a supplemental commissioner's order and proof of service of the order with the clerk of court, as prescribed by WIS. STAT. § 816.035(1), renders a creditor's lien unenforceable. Second, whether a creditor's lien attaches to personal property acquired by a judgment debtor after a WIS. STAT. ch. 816 supplementary proceeding has been conducted. These issues require us to review the procedures involved in perfecting a creditor's lien and to interpret and apply statutes to undisputed facts. These

709

are questions of law we review de novo. *Mann v. Bankruptcy Estate of Badger Lines , Inc. (Badger Lines)*, 224 Wis. 2d 646, 653, 590 N.W.2d 270 (1999); *Adams Outdoor*, 340 Wis. 2d 175, ¶ 7.

## I.  TOWN BANK PERFECTED ITS LIEN

█

¶ 10.   Heartland contends Town Bank's lien against Brophy is an invalid and unenforceable "secret lien" because Town Bank failed to ensure the supplemental commissioner's order directing Brophy to attend the supplementary proceeding and proof of service of the order were filed with the clerk of court as required by WIS. STAT. ch. 816. Town Bank responds that ch. 816 requires the supplemental commissioner, not Town Bank, to file the order and proof of service with the clerk. Town Bank further argues that, based on our supreme court's decision in *Badger Lines*, its lien against Brophy was perfected, and became enforceable and superior to Heartland's "then unperfected security interest" related to the funds it loaned Brophy, when Town Bank served Brophy with the order to appear at the supplementary proceeding. Town Bank is correct.

¶ 11.   A judgment creditor may seek an order from a supplemental commissioner requiring a debtor to appear at a supplementary proceeding to identify property that can be used towards satisfaction of a judgment. *See* WIS. STAT. § 816.03(1). If a creditor obtains such an order, WIS. STAT. § 816.035(1) provides that after service of the order on the debtor with the return on the order made to the commissioner, "[*t*]*he supplemental commissioner* shall file the order and the return with the clerk of the court in which the judgment involved is entered." (Emphasis added.) While Heart-

land contends Town Bank had a duty to ensure the order and return at issue in this case were filed with the clerk of court, this statute clearly placed that responsibility only upon the supplemental commissioner, not Town Bank.

¶ 12.   Further, in *Badger Lines*, our supreme court addressed the question of "whether a creditor who initiates supplementary proceedings under [WIS. STAT. ch.] 816 must do more than serve a debtor with notice to appear in order to obtain a superior lien that cannot be overcome by another creditor on a simple contract." *Badger Lines*, 224 Wis. 2d at 649, 653. The court answered that question in the negative, holding that "a creditor's lien is valid and superior against other creditors *at the time the creditor serves the debtor with a summons to appear at the supplementary proceeding under WIS. STAT. § 816.03(1)(b)*." *Badger Lines*, 224 Wis. 2d at 649 (emphasis added).

¶ 13.   Heartland attempts to distinguish *Badger Lines* from this case by pointing out that the relevant documents in *Badger Lines* were in fact filed with the circuit court, whereas here they were not. The distinction is to no avail for two reasons. First, as already noted, WIS. STAT. § 816.035(1) places the duty upon the supplemental commissioner, not the creditor, to file the order and return with the clerk of court. Second, while Heartland cites language from *Badger Lines* reconfirming Wisconsin's general aversion to "secret liens" as being supportive of its position on appeal, the holding of *Badger Lines* is unmistakable—"Wisconsin law does not require a creditor to take additional steps to perfect [its] lien beyond service on the debtor." *Id.*, 224 Wis. 2d at 661. The court made no statement limiting this holding only to situations where the order and return are in fact filed with the clerk of court.

711

¶ 14.  Once Town Bank served Brophy in February 2006 with the order to appear at the supplementary proceeding, it had done all it was legally required to do to perfect its lien. *See id.* at 649, 661. At that point, Town Bank's lien was valid and enforceable, and became superior to any security interest Heartland would subsequently acquire related to the loans it made to Brophy in 2007.[3]

## II.  TOWN BANK IS ENTITLED TO PROPERTY BROPHY ACQUIRED AFTER THE SUPPLEMENTARY PROCEEDING

██

¶ 15.  Heartland next argues that a creditor's lien does not attach to a debtor's personal property obtained subsequent to the supplementary proceeding. In support, it points to the *Badger Lines* court's statement that a creditor's lien is "governed by the common law," *id.* at 654, and further contends no statute or case law exists extending a creditor's lien to property acquired after supplementary proceedings. Town Bank counters

---

[3] Heartland argues that because the supplemental commissioner's order and proof of service were not filed, third parties, like Heartland, were prevented from learning of Town Bank's lien against Brophy. As the *Badger Lines* court observed, however, a creditor, such as Heartland, has options for discovering liens against a debtor, including:  (1) inquiring of the debtor to see if he or she has been served by another creditor with notice to appear at a supplementary proceeding, (2) searching court records to see if the debtor has had any judgments against him or her, and (3) contacting a debtor's other creditors to see if any of them have received a judgment against the debtor and have initiated a supplementary proceeding. *Mann v. Bankruptcy Estate of Badger Lines, Inc. (Badger Lines)*, 224 Wis. 2d 646, 659, 590 N.W.2d 270 (1999).

that, under the plain language of WIS. STAT. § 816.08, it is entitled to "any" of Brophy's personal property. Town Bank is correct.

¶ 16.   WISCONSIN STAT. § 816.08, entitled "Property to be applied to judgment," provides that the court "may order *any property* of the judgment debtor or due to the judgment debtor, not exempt from execution, to be applied toward the satisfaction of the judgment." (Emphasis added.) When construing a statute, we start with the statutory language. *State ex. rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. The statute's language is "given its common, ordinary, and accepted meaning." *Id.* If the statutory language is unambiguous, we apply the statute according to its meaning. *Id.*, ¶ 46.

¶ 17.   Heartland argues that we should interpret the plain language, "any property," to mean " 'any property' discovered in [the] supplementary proceeding[]." The legislature did not include such limiting language in the statute, and we will not usurp its role by doing so ourselves. The plain language of WIS. STAT. § 816.08— any nonexempt property may be applied toward satisfaction of a judgment—does not limit a judgment creditor to only that property owned by the debtor at the time of the supplementary proceeding. Accordingly, we hold that a creditor's lien may attach to any property of the judgment debtor, including property acquired subsequent to a supplementary proceeding. Town Bank's judgment remained unsatisfied when Brophy received the now-escrowed funds. Applying § 816.08, Town Bank is entitled to these funds.

*By the Court.*—Judgment affirmed.